# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 19, 2010

## STATE OF TENNESSEE v. RACARDO ARNETTE SPENCER

**Appeal from the Criminal Court for Davidson County**
**No. 2006-A-630     J. Randall Wyatt, Jr., Judge**

---

**No. M2009-02606-CCA-R3-CD - Filed January 11, 2011**

---

The Defendant, Racardo Arnette Spencer, appeals as of right from the Davidson County Criminal Court's revocation of his community corrections sentence and order of incarceration. The Defendant contends that the trial court erred in revoking his community corrections sentence because there was no substantial evidence to determine that the Defendant had violated the terms of his sentence. Following our review, we affirm the trial court's revocation of the Defendant's community corrections sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Michael A. Colavecchio, Nashville, Tennessee, for the appellant, Racardo Spencer.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Ben Ford, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant was indicted for possession with intent to sell or deliver .5 grams or more of a Schedule II controlled substance, a Class B felony. On October 13, 2008, the Defendant pled guilty to possession with intent to sell or deliver less than .5 grams of a Schedule II controlled substance, a Class C felony, and received a sentence of six years, suspended to community corrections. The Defendant was ordered to serve the sentence in this case consecutively to a sentence he received in an unrelated case. On September 21, 2009, a violation warrant was filed in which it was alleged that the Defendant had violated

the conditions of his community corrections sentence by committing a new offense and being in possession of a firearm in violation of the terms of his release.

A community corrections violation hearing was held on October 29, 2009, at which Officer Kevin Cooley of the Nashville Police Department testified. Officer Cooley testified that on September 19, 2009, he and Officer Ryan Finnigan were "patrolling a high drug and crime area" when they encountered the Defendant and another man walking toward their vehicle. Officer Finnigan told Officer Cooley that the "men were fiddling with something in their pockets" or around their "waistband." Based upon Officer Finnigan's observation, Officer Cooley decided to stop and speak with the individuals. As they were getting out of the police vehicle, the unidentified man ran. The Defendant did not run but walked at a fast pace in the same direction as the unidentified man. Officer Finnigan ran after the unidentified man, while Officer Cooley followed the Defendant.

The Defendant turned into a driveway, walked in front of a parked sport utility vehicle, ducked down under the vehicle, and then "popped right back up." Officer Cooley approached the Defendant, handcuffed him, and placed him in the patrol car. Officer Cooley went back to the sport utility vehicle and discovered a semi-automatic pistol under the vehicle. The weapon was loaded. According to Officer Cooley, the weapon was warm to the touch as if someone had been holding it close to their body. Additionally, the gravel under the vehicle did not appear as if it had been disturbed by someone throwing or sliding the weapon underneath the vehicle. Other than the unidentified man that fled past the vehicle, there were no other people in the area at that time. After finding that the Defendant had an extensive criminal record, the Defendant was charged with possession of a weapon by a felon but had been bound over to the grand jury but not convicted at the time of the hearing.

Alford Moore, Jr. of the Davidson County Community Corrections Program testified that he was the Defendant's supervising officer. He stated that he filed a violation warrant in the Defendant's case because the Defendant had been charged with being a felon in possession of a weapon. Additionally, the Defendant violated rule 16 of the community corrections program in that he was found to be in possession of a weapon. Mr. Moore stated that the Defendant had been informed that he was not allowed to possess weapons while serving his sentence on community corrections. The Defendant came to the office after his arrest and told Mr. Moore that he had been arrested. According to Mr. Moore, the Defendant came to the office prepared to be arrested again. Mr. Moore testified that the Defendant was not the "perfect probationer" but that they "were working towards keeping him somewhat in compliance." The Defendant had tested positive for cocaine and marijuana on May 16, 2009; however, Mr. Moore, with the court's permission, opted for more intensive drug treatment instead of filing a violation warrant.

Minister Ricky Waller of the Lighthouse Mission testified on behalf of the Defendant. Minister Waller testified that he spoke with the Defendant at a tent revival and that the Defendant told him that he really wanted to change his life. Minister Waller stated that he really believed that "[w]ith a chance," the Defendant will "stand firm."

Following the revocation hearing, the trial court accredited the testimony of Officer Cooley and found that "the only logical explanation for the gun's presence there or for the Defendant ducking behind the vehicle was because the Defendant was trying to dispose of this gun before he could be searched." The court concluded that the Defendant's extensive criminal history compelled the court to "take stronger actions" against the Defendant and that the Defendant's "actions require the [c]ourt to revoke the privileges of [community corrections]."

## ANALYSIS

The Defendant contends that there is no substantial evidence to support the trial court's decision to revoke his community corrections sentence. The State responds that the record supports the trial court's decision to revoke the Defendant's community corrections sentence and order the Defendant to serve his sentence in confinement.

The decision to revoke a community corrections sentence rests within the sound discretion of the trial court and will not be disturbed on appeal unless there is no substantial evidence to support the trial court's conclusion that a violation occurred. State v. Harkins, 811 S.W.2d 79, 82-83 (Tenn. 1991). Pursuant to Tennessee Code Annotated section 40-35-311(e), the trial court is required only to find that the violation of a community corrections sentence occurred by a preponderance of the evidence. In reviewing a trial court's findings, this court must examine the record and determine whether the trial court has exercised a conscientious judgment rather than an arbitrary one. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Once there is sufficient evidence to establish a violation of a community corrections sentence, the trial court has the authority to revoke the community corrections sentence. Tenn. Code Ann. § 40-36-106(e). The trial court may then "resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration." Tenn. Code Ann. § 40-36-106(e)(4).

Criminal conduct that is the basis of pending charges may serve as the basis for a revocation of a community corrections sentence. State v. Andrew B. Edwards, No. W1999-01095-CCA-R3-CD, 2000 WL 705309, at *3 (Tenn. Crim. App. May 26, 2000), perm. app. denied (Tenn. Sep. 11, 2000). However, the trial court cannot rely solely on the mere fact

of an arrest or an indictment. Harkins, 811 S.W.2d at 83. Instead, the State must provide evidence "in order to establish the . . . commission of another offense." Id. The trial court must be presented with some evidence "to establish that the defendant committed the offense with which he has been charged." State v. Lontrell Williams, No. W2009-00275-CCA-R3-CD, 2009 WL 3518171 at *3 (Tenn. Crim. App. Oct. 30, 2009). The evidence may take the form of live testimony from the arresting officer. See State v. Walter Lee Ellison, No. 01C01-9708-CR-00361, 1998 WL 272955 (Tenn. Crim. App. May 29, 1998).

The trial court accredited the testimony of Officer Cooley concerning the Defendant's possession of the weapon and concluded that the Defendant had committed the offense and had violated the conditions of his community corrections sentence. The record supports the trial court's decision to revoke the community corrections sentence and to order the sentence served in confinement. We conclude that the trial court exercised a conscientious judgment in arriving at its determination. Accordingly, the trial court's decision to revoke the Defendant's community corrections sentence is affirmed.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE